FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 5 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| IN RE CBEYOND, INC. SECURITIES LITIGATION | Civil Action No. 1:08-cv-1666 (CC)<br><br>[PROPOSED] ORDER APPROVING LEAD COUNSEL'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES |

THIS MATTER having come before the Court on January 5, 2010, on the Unopposed Motion by Lead Counsel for an Award of Attorneys' Fees and Reimbursement of Expenses; this Court, having considered all papers filed and proceedings conducted herein, having found the Settlement between the Genesee County Employees' Retirement System and the Essex Regional Retirement Board ("Lead Plaintiffs"), on behalf of themselves and the proposed Settlement Class, and Cbeyond, Inc. ("Cbeyond"), James F. Geiger, and J. Robert Fugate (collectively, "Defendants") to be fair, reasonable and adequate; and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement (the "Stipulation"), filed on August 28, 2009.

2. The Court has jurisdiction over the subject matter of the application and all matters relating thereto, including all Settlement Class Members.

3. The Court finds that a percentage of the fund approach is the appropriate method for awarding attorneys' fees in this matter. *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). Further, the Court finds that a percentage fee of 30% of the gross Settlement Fund is reasonable for the reasons set forth herein.

4. The Court finds that a percentage fee of 30% is reasonable when compared to percentage awards of similar size and complexity.

5. The Court finds that Counsel committed over 1,896.3 hours working on this matter from the inception of the case through December 18, 2009, with a resulting lodestar of approximately $909,610.00.

6. The Court finds that Counsel took this case on a contingent fee basis assuming the risk of no payment for their work, showed considerable skill in handling the complex legal and factual issues presented and obtained a fair and reasonable settlement on behalf of the Settlement Class.

7.  The Court finds that the Settlement Class reaction supports approval of the fee application, the Court having received no objections out of more than 13,376 notices mailed to the Settlement Class Members.

8.  The Court hereby awards Counsel's attorneys' fees of 30% of the gross Settlement Fund, or $690,000, plus accrued interest. Said fees shall be allocated by Lead Counsel in a manner which, in their good faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the claims against Defendants.

9.  The Court hereby awards Counsel's expenses in an aggregate amount of $53,525.08, plus accrued interest, to be paid from the gross Settlement Fund.

10. The awarded fees and expenses shall be paid from the gross Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation.

IT IS SO ORDERED.

DATED: Jan. 5, 2010

_____
HON. CLARENCE COOPER
UNITED STATES DISTRICT JUDGE