FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 5 2010

JAMES N. HATTEN, Clerk
By:_____
        Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### (ATLANTA DIVISION)

|  |  |
|---|---|
| IN RE CBEYOND, INC. SECURITIES LITIGATION | Civil Action No. 1:08-cv-1666 (CC) |

## [PROPOSED] FINAL ORDER AND JUDGMENT

WHEREAS:

A.    On August 28, 2009, Lead Plaintiffs, the Genesee County Employees' Retirement System and the Essex Regional Retirement Board (collectively, the "Lead Plaintiffs"), acting on behalf of themselves and the proposed Settlement Class, entered into a Stipulation and Agreement of Settlement (the "Stipulation") with defendants in these consolidated actions (the "Securities Litigation").

B.    Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in Connection with Proposed Class Action Settlement, entered September 17, 2009 (the "Preliminary Approval Order"), the Court scheduled a hearing for January 5, 2010, at 1:30 p.m. (the "Settlement Hearing") to: (a) determine whether the proposed settlement of the Securities Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (b) determine whether a judgment as provided for in

the Stipulation should be entered.  The Court ordered that the Notice of Pendency

of Class Action and Proposed Settlement (the "Notice") and a Proof of Claim and

Release Form ("Proof of Claim"), in the form attached as Exhibits 1 and 2 to the

Preliminary Approval Order, be mailed by first-class mail, postage prepaid, on or

before October 1, 2009 ("Notice Date") to all putative Class Members at the

address of each such person as set forth in the records of Cbeyond, Inc.

("Cbeyond") or its transfer agent, or who otherwise could be identified through

reasonable effort, and that a Summary Notice of Pendency of Class Action and

Hearing on Proposed Settlement (the "Summary Notice"), in the form attached to

the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business

Daily* and transmitted over *Business Wire* within fourteen (14) calendar days of the

Notice Date.

      C.     The Notice and the Summary Notice advised Class Members of the

date, time, place and purpose of the Settlement Hearing.  The Notice further

advised that any objections to the Settlement were required to be filed with the

Court and served on counsel for the Parties by December 22, 2009.

      D.     The provisions of the Preliminary Approval Order as to notice were

complied with.

      E.     On December 29, 2009, Lead Plaintiffs moved for final approval of

the Settlement, as set forth in the Preliminary Approval Order.  The Settlement

Hearing was duly held before this Court on January 5, 2010, at which time all interested Persons were afforded the opportunity to be heard.

F.      This Court has duly considered the Lead Plaintiffs' motion, the affidavits, declarations and memorandum of law submitted in support thereof, and all of the submissions and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Securities Litigation and over all Parties to the Securities Litigation, including all members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies, for settlement purposes only, this Securities Litigation as a class action on behalf of all persons and entities that purchased or acquired the common stock of Cbeyond, Inc. during the period from November 1, 2007 through February 21, 2008, inclusive, (the "Class Period") and were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are: Defendants; the

officers and directors of the Company or its subsidiaries or affiliates; the members of the immediate families of the Individual Defendants; the legal representatives, heirs, successors or assigns of any excluded person; any entity in which any excluded person has or had a controlling interest; and those persons or entities that timely and validly sought exclusion from the Settlement Class, as listed on Exhibit A hereto.

4.    The Court also hereby appoints the Genesee County Employees' Retirement System and the Essex Regional Retirement Board as Class Representatives and Labaton Sucharow LLP as Class Counsel.

5.    The notification provided for and given to the Settlement Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process, Federal Rule of Civil Procedure 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7).

6.    The proposed Settlement of the Securities Litigation on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages and the costs of continued litigation.  This Court

further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Settlement Class and Defendants.

7.     The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The Consolidated Amended Complaint, filed October 24, 2008, is hereby dismissed in its entirety as to all Defendants, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.     The Court further finds, pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4 (c) ("PSLRA"), that during the course of the Securities Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

10.     Upon the Effective Date, the Lead Plaintiffs and each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit A hereto, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns shall have fully, finally and forever waived, released, discharged and dismissed each and every Released Claim against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined, without the

necessity of posting a bond, from commencing, instituting, prosecuting or

maintaining any action or other proceeding asserting any of the Released Claims

against any of the Released Defendant Parties.

11.    Upon the Effective Date, each of the Defendants, on behalf of

themselves and each of their respective heirs, executors, trustees, administrators,

predecessors, successors and assigns shall have fully, finally and forever waived,

released, discharged and dismissed each and every Released Defendants' Claims

against each and every one of the Released Plaintiff Parties, and shall forever be

barred and enjoined, without the necessity of posting a bond, from commencing,

instituting, prosecuting or maintaining any action or other proceeding asserting any

of the Released Defendants' Claims against any of the Released Plaintiff Parties.

12.    Pursuant to the PSLRA, the Released Defendant Parties are hereby

discharged from all claims for contribution by any Person, whether arising under

state, federal or common law, based upon, or arising out of the Securities

Litigation.  Accordingly, to the full extent provided by the PSLRA, the Court

hereby bars all the claims referred to in this paragraph: (a) by any Person against

the Released Defendant Parties; and (b) by the Released Defendant Parties against

any Person, other than any Person whose liability has been extinguished pursuant

to the Stipulation and this Judgment.

13.    Any final verdict or judgment obtained by or on behalf of the Lead Plaintiffs or the Settlement Class, if any, against any Person, other than the Released Defendant Parties, arising out of the Securities Litigation, shall be reduced in accordance with the PSLRA and applicable law.

14.    Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit A hereto, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

15.    This Judgment and the Stipulation, and all papers related thereto are not, and shall not be construed to be, an admission by any of the Defendants of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding.

16.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.    Any Court order regarding the Plan of Allocation or the attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Net Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Securities Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED:
Jan. 5                    , 2010

HON. CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

None.